**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: STERICYCLE, INC., STERI-SAFE CONTRACT LITIGATION** | ) | Case No. 13 C 5795<br>MDL No. 2455 |
| **WILLIAM J. CARTER, D.D.S.** and **CLIFF DUKE, D.D.S.**, on behalf of themselves and all putative class members,<br><br>Plaintiffs,<br><br>v.<br><br>**STERICYCLE, INC.**,<br><br>Defendant. | ) | Case No. 17 C 2580 |
| **HILLSBORO ANIMAL HOSPITAL, LLC**, on behalf of itself and all putative class members,<br><br>Plaintiff,<br><br>v.<br><br>**STERICYCLE, INC.**,<br><br>Defendant. | ) | Case No. 17 C 2581 |
| **MICHAEL MACQUARRIE, M.D.**, on behalf of himself and all putative class members,<br><br>Plaintiff,<br><br>v.<br><br>**STERICYCLE, INC.**,<br><br>Defendant. | ) | Case No. 17 C 2582 |

**MEMORANDUM OPINION AND ORDER**[1]

Certainly no one can accuse the counsel for Stericycle, Inc. ("Stericycle") of inattentiveness to their client's responsibilities -- last Friday (April 7) this Court issued its sua sponte memorandum order that requested the delivery of copies of the Tennessee District Court filings related to the motions to remand those cases to their state court place of origin in Tennessee, and later on the selfsame day (!!) Stericycle's counsel delivered copies of the three motions to remand and of Stericycle's responses in opposition. Regrettably, however, the same degree of attentiveness had not been demonstrated by Stericycle's counsel during the earlier history of the three lawsuits in the Tennessee state court system -- and that, as the ensuing analysis demonstrates, calls for granting the three remand motions because of the untimeliness of Stericycle's notices of removal.

Each remand motion details a series of events in one of the three actions, with each case being brought on behalf of a different putative class whose members had contracted with Stericycle -- one comprising over 3,700 doctors of dental surgery seeking aggregate damages of something less than $3.2 million, another on behalf of some 4 million primary care physicians with asserted damages of something over $2.9 million and the third putative class comprising just under 1,900 veterinarians seeking damages of some $2.8 million. As Stericycle would have it, it woke up to the fact that the over-$5 million requirement in the Class Action Fairness Act ("CAFA," 28 U.S.C. § 1332(d)(2)) had been met only after a series of events had

[1] This opinion's caption reflects (1) the MDL case number and this District Court's case number that is applicable to the entire MDL litigation assigned to this Court as well as (2) this District Court's case numbers that have been assigned to the three tagalong cases just transferred to this District Court and hence to this Court's calendar.

taken place in the Tennessee state courts over a span of nearly a half year, culminating in the Tennessee's Circuit Court's November 2016 consolidation of the three cases for discovery only, but not for class certification or trial (Stericycle had moved for a total consolidation of those three cases).

That attempted predicate for a multi-month deferral of the 30-day timetable for removal set out in Section 1446(b)(3), as Stericycle seeks to assert in its response, is totally unpersuasive. To that end Stericycle's counsel points to an earlier action against Stericycle that had been brought by the same plaintiffs' counsel in February 2016, Frenchman v. Stericycle, Inc., which asserted class claims on behalf of all Tennessee customers of Stericycle -- an action that the MDL Panel transferred to this District Court in March 2016 to be consolidated with other then-pending Steri-Safe contract cases. But even if this Court accepts arguendo Stericycle's position that the three cases now at issue represent an effort to get around the CAFA-qualified Frenchman case, its contention that the 30-day removal clock did not begin to tick until the state court entered the November 2016 order for consolidated discovery is totally myopic (or even worse, is totally blind) in real-world terms, for Stericycle's sense that plaintiffs' counsel and their clients were thus forum shopping because they preferred to litigate on their home grounds[2] is one that had to be equally obvious much earlier in the six-month period during which Stericycle was pursuing various types of procedural steps in the Tennessee state court system.

This Court has considered the Sixth Circuit's opinion in Freeman v. Blue Ridge Paper Prods., Inc., 551 F.3d 405-07 (6th Cir. 2008), which Stericycle attempts to rely on in its

---

[2] This Court need not delve into that subject for present purposes -- it expresses no substantive position on the matter.

responsive memorandum. But this Court finds Stericycle's quotation from Freeman, id. at 407 that criticizes the efforts of plaintiffs' lawyers in that case to "game the system" to be extraordinarily ironic, for "gaming the system" is precisely what Stericycle has sought to do by pointing to other provisions of CAFA in which it says "the requirements for removal are relaxed" (Stericycle Response at 10, followed by a discussion of a number of cases that are not in point in the context now at issue).

That of course proves too much, for the 30-day timetable prescribed by Section 1446(b)(3) is conspicuously absent from the relaxation provisions and examples pointed to by Stericycle. This litigation is not at all parallel to the cases cited by Stericycle's counsel in which the need for investigation provided a type of tolling of that 30-day time clock -- by contrast, in this case everything that Stericycle pretends to have learned from the November 2016 consolidation of the three cases solely for discovery purposes had to have been patently obvious to Stericycle if it had not chosen to play ostrich (or to emulate the "see no evil" monkey in the three-monkey fable) for a number of months. And that being so, Stericycle's December 23, 2016 notice of removal of the three cases came months too late.

In sum, each motion to remand one of the three actions identified in the caption of this opinion is granted. Each action is transferred back to its original situs, the First Circuit Court for Davidson County, Tennessee. This District Court's Clerk is ordered to mail a certified copy of the order of remand to the Clerk of that Tennessee state court, so that it can thereupon proceed with the case.

Milton I. Shadur
Senior United States District Judge

Date: April 10, 2017